UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DORA MILLER,
                      Plaintiff,

-v-

THE DEPARTMENT OF EDUCATION
OF THE CITY OF NEW YORK,
                      Defendant.

17-CV-594 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

Plaintiff Dora Miller brings this action against the New York City Department of Education ("DOE"), alleging discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq*. Defendants move to dismiss her claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 14.) For the reasons that follow, the motion to dismiss is denied.

**I.    Background**

The following facts are drawn from the Amended Complaint and are presumed true for the purpose of this motion.

Plaintiff Dora Miller is a 55 year-old "common branch"[1] teacher employed by Defendant DOE. (Dkt. No. 13 ("AC") ¶¶ 4, 6.) She has been teaching since 1986, and her performance record is "exemplary." (AC ¶ 11.) During the events in question, Miller served as an English Teacher at P.S. 230 in Bronx, New York; P.S. 230 has been designated a failing school and is scheduled to close. (AC ¶ 6.) Miller alleges, on information and belief, that DOE makes a

---

[1] According to the Amended Complaint, "common branch" teachers are elementary school teachers. (AC ¶ 4.)

1

"concerted effort to target older teachers for unsatisfactory . . . performance reviews" when DOE plans to close a school. (AC ¶ 7.)[2]

For the 2014-15 school year, Miller received a "developing" rating on her evaluation from former Principal Rowena Penn, despite receiving an effective/satisfactory rating for many years prior. (AC ¶ 12.) In the 2015-16 school year, Penn was replaced by Principal Rosalyn Hoyte, but Plaintiff continued to receive negative evaluations. (AC ¶¶ 14, 16.) She "had three ineffective informal observations," and received a "developing" rating for the 2015-16 school year. (AC ¶¶ 15–16.) Because of that "developing" rating, Miller was ineligible to become a "Model Teacher, Peer Collaborative Teacher, Master Teacher, Teaching Fellowship Ambassador, [or] Mentor Teacher," all of which pay between $5,000 and $ 10,000 more than Plaintiff's current salary. (AC ¶ 18.) Miller's rating also precluded her from participating in "per session work where she [could] earn extra money." (*Id.*) In June 2016, she was "excessed" into the Absentee Teacher Reserve Pool, making her a "floating substitute teacher with no permanent assignment." (AC ¶ 17.)

Miller alleges that DOE was targeting older teachers because it was preparing to close P.S. 230. (AC ¶ 9.) Four other quinquagenarian common branch teachers at P.S. 230, who all have similar job responsibilities and the same supervisor as Miller, also received negative performance reviews and evaluations: Mr. Wilson, Mr. Galbraith, Ms. O'Neil, and Ms. Payne. (AC ¶ 10.)

---

[2] "Prefacing allegations with this standard pleading qualification does not eviscerate the sufficiency of a complaint." *Lefkowitz v. McGraw-Hill Glob. Educ. Holdings, LLC*, 23 F. Supp. 3d 344, 355 (S.D.N.Y. 2014). Rather, pleading on the basis of information and belief is appropriate when certain facts are peculiarly within the opposing party's knowledge. *See Boykin v. KeyCorp*, 521 F.3d 202, 215 (2d Cir. 2008).

In January 2017, Miller commenced this action in the New York County Supreme Court, alleging age discrimination in violation of municipal and federal law. (Dkt. No. 1-1 ¶¶ 13, 16–22.) DOE removed the case to this Court (Dkt. No. 1), and filed a motion to dismiss (Dkt. No. 8). In response, Miller amended her complaint, now seeking relief exclusively under the ADEA. (Dkt. No. 13.) DOE again moved to dismiss. (Dkt. No. 14.)

## II. Legal Standard

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128 (2d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678). When considering a motion to dismiss, courts "must accept as true all of the factual allegations contained in the complaint," *Twombly*, 550 U.S. at 572 (quoting *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508 n.1 (2002)), and must draw "all inferences in the light most favorable to the non-moving party[]," *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007) (Sotomayor, J.).

## III. Discussion

Miller alleges that she was discriminated against on the basis of her age in violation of the ADEA. Such claims are analyzed under the familiar burden-shifting framework set out in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973). *See Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 105–06 (2d Cir. 2010). Because this is a motion to dismiss, the Court need determine only "whether the allegations in the complaint give plausible support to the reduced *prima facie* requirements that arise . . . in the initial phase of a litigation." *Dressler v.*

*City Sch. Dist. of N.Y.C.* ("*Dressler II*"), No. 15 Civ. 3696, 2016 WL 4367967, at *3 (S.D.N.Y. Aug. 15, 2016) (alteration in original) (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015)). The elements of a *prima facie* are that: (1) the plaintiff "was within the protected age group"; (2) "she was qualified for the position"; (3) "she experienced adverse employment action"; and (4) "such action occurred under circumstances giving rise to an inference of discrimination." *Gorzynski*, 596 F.3d at 107. DOE contends that Miller's claims must be dismissed because she has failed to adequately allege the latter two elements: "adverse employment action" and "inference of discrimination."

First, the Court concludes that Miller has adequately alleged that she experienced an adverse employment action when she received a "developing" rating for the 2015-16 school year.[3] (AC ¶ 16.) "A plaintiff sustains an adverse employment action if he or she endures a 'materially adverse change' in the terms and conditions of employment." *Galabya v. N.Y.C. Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000). "To be 'materially adverse' a change in working conditions must be 'more disruptive than a mere inconvenience or an alteration of job responsibilities.'" *Id.* (quoting *Crady v. Liberty Nat. Bank & Tr. Co. of Indiana*, 993 F.2d 132, 136 (7th Cir. 1993)). "[A] termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices unique to a particular situation" may qualify as materially adverse. *Id.* (ellipsis omitted) (quoting *Crady*, 993 F.2d at 136). In addition, "deprivation of an opportunity may be sufficient to make an adverse change material." *Dressler*

---

[3] DOE also seeks to dismiss "any claims that accrued before August 5, 2015" as time-barred. (Dkt. No. 16 at 5.) In response, Miller concedes that the only relevant employment action in this case is her June 2016 "developing" rating. (Dkt. No. 19 at 5 n.1.)

*v. N.Y.C. Dep't of Educ.* ("*Dressler I*"), No. 10 Civ. 3769, 2012 WL 1038600, at *6 (S.D.N.Y. Mar. 29, 2012).

DOE argues that Miller's allegations of adverse action fail in light of the well-established principle that "negative performance evaluations, reprimands, and disciplinary charges do not, *by themselves*, constitute adverse employment actions." *Id.* (emphasis added) (collecting cases). Miller, however, has adequately alleged that her negative evaluation "was accompanied by additional consequences," *Rozenfeld v. Dep't of Design & Const. of N.Y.C.*, 875 F. Supp. 2d 189, 203 (E.D.N.Y. 2012), *aff'd*, 522 F. App'x 46 (2d Cir. 2013): According to the Amended Complaint, because of the "developing rating plaintiff received, she could not apply to become a Model Teacher, Peer Collaborative Teacher, Master Teacher, Teaching Fellowship Ambassador, [or] Mentor Teacher," all of which pay between $5,000 and $10,000 more than Plaintiff's current salary. (AC ¶ 18.) Moreover, Miller's evaluation rendered her ineligible for "per session" work, where she could have also made extra money. (*Id.*) In light of the fact that Miller's evaluation precluded her from these opportunities, she has adequately alleged the element of adverse employment action. *See Dressler I*, 2012 WL 1038600, at *7 ("[T]he evidence that Plaintiff's 2009–2010 U rating precluded him from the opportunity of participating in the Per Session Home Instruction Employment program is sufficient to establish a basis on which a reasonable trier of fact could find a material adverse change."); *see also Shapiro v. N.Y.C. Dep't of Educ.*, 561 F. Supp. 2d 413, 423 (S.D.N.Y. 2008) (holding that a genuine factual dispute existed as to whether "unsatisfactory" performance ratings were materially adverse in light of the negative consequences flowing from those evaluations).

Second, the Court concludes that Miller has adequately alleged facts from which a reasonable factfinder could infer that her age was the "but for" cause of her adverse performance

evaluation. *Gorzynski*, 596 F.3d at 107.[4] "The evidence necessary to satisfy the initial burden of establishing that an adverse employment action occurred under circumstances giving rise to an inference of discrimination is minimal." *Dressler II*, 2016 WL 4367967, at *3 (quoting *Littlejohn*, 795 F.3d at 313). "An inference of discrimination can arise from circumstances including, *but not limited to*, the employer's criticism of the plaintiff's performance in [ageist,] degrading terms; or its invidious comments about others in the employee's protected group; or the more favorable treatment of employees not in the protected group; or the sequence of events leading to the [complained-of action.]." *Id.* (emphasis added, second alteration in original) (quoting *Littlejohn*, 795 F.3d at 312).

Here, Miller has alleged sufficient facts to satisfy the causation element of her *prima facie* case at the motion-to-dismiss stage. To establish an inference of discriminatory motive, she relies on the following facts:

> [E]ven though there are fewer than fifteen teachers at PS 230, almost all the older teachers (who[] upon information and belief had prior exemplary work records) were suddenly facing performance issues to wit: Mr. Wilson- common branch teacher (late 50s) received negative performance reviews; Mr. Galbraith-(50s)- common branch teacher had performance issues including negative evaluations; Ms. Denise O'Neil (early 50s),-common branch teacher had performance issues including negative evaluations; Ms. Payne (early 50s)- common branch teacher had performance issues including negative evaluations. All of these teachers are simil[]arly situated to plaintiff in that they are teachers who teach at the elementary school level in the same school as plaintiff, have similar job responsibilities, have the same supervisor and are over fifty years of age.

---

[4] In contrast to the causation standard in Title VII cases, plaintiffs in ADEA cases must establish "that age was the but-for cause of the challenged adverse employment action and not just a contributing or motivating factor." *Gorzynski*, 596 F.3d at 106 (quoting *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 180 (2009)).

(AC ¶ 10.) "[E]ven if they do not independently constitute adverse employment actions," these allegations of discrimination against four other members of the protected class "provide 'relevant background evidence' by shedding light on Defendant's motivation and thus bolster [Miller's] claim" that she was treated adversely due to her age. *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 88 (2d Cir. 2015). The fact that Miller and these other four members of the protected class shared the same supervisor further bolsters the inference of a causal nexus between the teachers' ages and their adverse treatment. *Cf. Schneider v. Regency Heights of Windham, LLC*, No. 14 Civ. 217, 2016 WL 7256675, at *12 (D. Conn. Dec. 15, 2016) ("There are a number of factors that courts should consider when determining the admissibility of 'me too' evidence [of discrimination], including . . . whether the same 'bad actors' were involved in the 'other' conduct and in the challenged conduct." (quoting *Murray v. Miron*, No. 11 Civ. 629, 2015 WL 5840170, at *4 (D. Conn. Oct. 5, 2015))). Miller has "nudged [her] claim[]" of discriminatory motivation "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

In support of its contention that causation was not adequately alleged, DOE relies heavily on *Dressler II*. In that case, the Court characterized the complaint as "devoid of facts plausibly alleging that Defendants' actions were motivated by age-based discrimination": The plaintiff in that case did "not allege that he was the target of, or overheard, 'invidious comments' related to his age or to the age of others; or that employees not in his protected group were treated more favorably; or that he was passed over for a work assignment or other opportunity in favor of a person outside his protected group; or *other actions by Defendants plausibly viewed, in context, as a basis upon which to infer age-based discrimination*." *Dressler II*, 2016 WL 4367967, at *3 (emphasis added). Although the plaintiff in *Dressler II* did allege adverse treatment of other

7

members of the protected class, those allegations were weaker than Miller's. Dressler alleged that two different administrators subjected him to negative performance reviews on the basis of age, but, for each of those two administrators, he identified just one teacher who was subjected to the same negative treatment. *See id.* at *2. Miller, in contrast, alleges that the same supervisor subjected four other members of the protected class to negative performance evaluations.[5] These allegations are sufficient to survive a motion to dismiss.

## IV. Conclusion

For the foregoing reasons, Defendant's motion dismiss is DENIED.[6] Defendant shall file an answer to the Amended Complaint within 21 days of the date of this opinion.

The Clerk of Court is directed to close the motions at Docket Numbers 8 and 14.

SO ORDERED.

Dated: March 23, 2018
New York, New York

_____
J. PAUL OETKEN
United States District Judge

---

[5] DOE argues that Miller's allegation that "almost all" of the older teachers faced performance issues "implies that not <u>all</u> of the older teachers at the school faced performance issues . . . and undermines any claim that age even minimally motivated a decision regarding the evaluation process." (Dkt. No. 20 at 9.) The Court declines to draw this inference against Miller, however, because on a motion to dismiss it must draw "all inferences in the light most favorable to the non-moving party[]." *In re NYSE Specialists Sec. Litig.*, 503 F.3d at 95.

[6] DOE's motion to dismiss the original complaint (Dkt. No. 8) is denied as moot.

8